**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-20114-CR-DSL**

**UNITED STATES OF AMERICA**

**v.**

**MARTIN ESHO,**

**Defendant.**
_______________________________________/

**UNITED STATES OF AMERICA'S MOTION *IN LIMINE* AND NOTICE OF INTENT TO INTRODUCE EVIDENCE PURSUANT TO RULE 414 AND 404(B) OF THE FEDERAL RULES OF EVIDENCE**

In advance of trial, the United States of America, by and through the undersigned Assistant United States Attorney, gives notice of its intent to introduce evidence pursuant to Rules 414 and 404(b) or the Federal Rules of Evidence and seeks *in limine* rulings from the Court that admit evidence recovered from the Defendant's digital devices, that depicts sexually suggestive depictions of minor children ("child erotica") and AI generated sexually explicit depictions of minor children during its case-in-chief pursuant to Rules 414 and 404(b) and/or because the evidence is inextricably intertwined.

## I. Factual and Procedural Background

On March 7, 2026, the Defendant entered the United States at the Miami International Airport on a flight from Medellin, Colombia. Upon arriving, United States Customs and Border Protection ("CBP") officers selected the Defendant for secondary inspection. At secondary inspection, the Defendant had an Apple iPhone 14 Pro ("Device 1") and an Apple iPhone X ("Device 2"). The Defendant claimed ownership over both devices and provided the passcode for both. CBP reviewed both devices and discovered numerous sexually explicit depictions of minor

children on both devices in a password protected hidden section of the photo gallery. Further forensic inspections of Device 1 and Device 2 located additional sexually explicit depictions of minor children. Amongst the sexually explicit depictions of children, law enforcement also located child erotica and AI or altered depictions of minor children that are sexually explicit. The Defendant told law enforcement that his possession was accidental or unintentional and that, generally, if he saw it, he deleted it.

On March 26, 2026, a federal grand jury returned a two-count indictment against the Defendant for Transportation of Visual Depictions Involving Sexual Exploitation of Minors, in violation of 18 U.S.C. § 2251(a)(1) and (b)(1), and Possession of Visual Depictions Involving the Sexual Exploitation of Minors, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). (DE 9). This case is set for trial on December 7, 2026. (DE 32).

## I. LEGAL STANDARD

District courts enjoy broad discretion in determining whether to grant a motion *in limine*. *Quantum Capital, LLC v. Banco De Los Trabajadores*, 720 F. App'x 539, 540 (11th Cir. 2017). The goal of a motion *in limine* is to avoid the futile attempt of "unring[ing] the bell" when jurors have seen or heard inadmissible evidence, even when stricken from the record. *See Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003). Motions *in limine* also serve to streamline trials, by settling evidentiary disputes in advance and by minimizing side-bar conferences and other disruptions at trial. *See United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002) (discussing the value of motions *in limine* to the orderly administration of a trial) (internal citations omitted).

The familiar standards of Federal Rules of Evidence 401 and 402 govern the presentation of evidence at trial. Only relevant evidence is admissible, and evidence is relevant only if it has a tendency to make a fact more or less probable than it would be without the evidence, and the fact

is of consequence to the action. Fed. R. Evid. 402, 401. Further, under Fed. R. Evid. 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. "It is the province of the trial judge to weigh any materiality against any prejudice and, unless the judge's reading is 'off the scale,' his discretion is not abused." *United States v. Kendrick*, 682 F.3d 974, 986 (11th Cir. 2012) (citing *United States v. Shelley*, 405 F.3d 1195, 1201 (11th Cir. 2005)).

## I. ARGUMENT

### *a. Evidence that the Defendant Possessed Child Erotica and AI Generated Depictions is Inextricably Intertwined With the Charged Conduct.*

The Defendant's possession of child erotica and AI depictions of children is inextricably intertwined with his possession of child sexual abuse material because such evidence was located in the same place at the same time, namely a locked hidden folder on his phone.

"[E]vidence is inextricably intertwined with the evidence regarding the charged offense if it forms an 'integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted.'" *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007). The evidence is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." *Id.*

Here, the child erotica and AI depictions help "complete the story of the offense," because they illustrate the Defendant's method for "downloading, and storing child pornography files." *United States v. Rodriguez Fernandez*, 833 Fed. App'x 803 (11th Cir. 2020). Further, the child erotica and AI depictions of children are inextricably intertwined because they are in the same place – on at least one of the Defendant's phones– and mixed amongst the Defendant's collection

of child sexual abuse material ("CSAM"). Given that the Defendant stored his CSAM with his AI child erotica, the evidence is inextricably intertwined.

***b. In the Alternative, Evidence that the Defendant Possessed Child Erotica Depictions and AI generated Sexually Explicit Depictions of Minor Children are Admissible Pursuant to Federal Rule of Evidence 414.***

The United States will offer the AI child depictions and child erotica found with the child sexual abuse material to show the Defendant's propensity to commit crimes involving the exploitation and sexual abuse of minors, as well as his prurient sexual interest in children, motive, intent, plan, and lack of mistake or accident.

Rule 414(a) provides that "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 414(a). Possession of child sexual abuse material qualifies as "child molestation" under Rule 414. *See United States v. Brillhart*, No. 2:22-CR-53-SPC-NPM, 2023 WL 6794229, at *2 (M.D. Fla. Oct. 13, 2023). "This is defined by statute: 'Child molestation' for purposes of Rule 414 includes 'any conduct prohibited by 18 U.S.C. chapter 110.' Chapter 110 includes 18 U.S.C. § 2252, which criminalizes the possession and distribution of child pornography." *Id*. (citing *United States v. Zimmerman*, No. 21-11520, 2022 WL 7232992, at *1 (11th Cir. Oct. 13, 2022) ("Possessing child pornography in violation of § 2252 is a child molestation offense").

The charge of transportation of sexually explicit depictions of minor children is also enumerated in Title 18, United States, Section 2252. Both charges in the indictment, therefore, qualify as crimes of "child molestation." The Defendant's possession of child erotica and AI child pornography further qualifies as child molestation because the conduct in the depictions may violate state or federal law involving unlawful sexual conduct with a child.

Under prevailing Eleventh Circuit precedent, other instances of a defendant's involvement with child sexual abuse are relevant and admissible under Rule 414 for such purposes. *See United States v. Baker*, 680 F. App'x 861, 863 (11th Cir. 2017) (in child pornography possession case, defendant's prior child molestation conviction was relevant and properly admitted by district court during trial under Rule 414); *United States v. Woods*, 684 F.3d 1045, 106–465 (11th Cir. 2012) (defendant's statement describing his prior molestation of his niece was admissible under Rule 414 in a receipt and possession of child pornography prosecution); *United States v. Levinson*, 504 F. App'x 824, 827, 828 (11th Cir. 2013) (in § 2422(b) prosecution, evidence defendant engaged in child molestation in the past was properly admitted under both Rule 414 to prove that defendant had "a disposition of character that makes it more likely that he committed the [charged] act of child molestation.").

Other circuits have consistently confirmed Rule 414's broad principle of admissibility in child pornography cases. *See United States v. Majeroni*, 784 F.3d 72, 75–77 (1st Cir. 2015) (admission of defendant's prior conviction for possessing child pornography was properly admitted under Rule 414 in a current possession of child pornography prosecution); *United States v. Axsom*, 761 F.3d 895, 898 (8th Cir. 2014) (defendant's prior trafficking of child pornography conviction was properly admitted under Rule 414 in a prosecution for possessing and distributing child pornography); *United States v. Sheldon*, 755 F.3d 1047, 1050–51 (9th Cir. 2014) (prior possession of child pornography conviction properly admitted in production and receipt of child pornography case); *United States v. Foley*, 740 F.3d 1079, 1086–87 (7th Cir. 2014) (although evidence of the defendant's prior sexual assault of a child was admitted under Rule 413, such evidence would have been admissible under Rule 414 in the current production, distribution, and possession of child pornography charge); *United States v. Sturm*,

673 F.3d 1274, 1284 (10th Cir. 2012) (prior conviction under Ohio law for pandering constituted a "child molestation" offense and was properly admitted under Rule 414); *United States v. Seymour*, 468 F.3d 378, 384–85 (6th Cir. 2006) (defendant's uncharged prior sexual assaults against adult females admissible in case charging child molestation offenses).

The Defendant's possession of child erotica depictions and AI generated depictions show his persistent sexual interest in children and child sexual abuse material. These similarities weigh in favor of the admission of the prior conviction. *See Bentley*, 561 F.3d at 815.

Finally, evidence admissible under Rule 414 is still subject to Rule 403's balancing test. Fed. R. Evid. 414(c); *United States v. Woods*, 684 F.3d 1045, 1064 (11th Cir. 2012) (applying Rule 403 to evidence admissible under Rule 414). Rule 403, Federal Rules of Evidence, permits the exclusion of relevant evidence if its "probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. It is important to point out that unfair prejudice is what Rule 403 is meant to guard against, that is, prejudice based on something other than the evidence's own persuasive weight. The Eleventh Circuit has cautioned that Rule 403:

> is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility. We have also said that in reviewing issues under Rule 403, we look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial effect. *United States v. Alfaro-Moncado*, 607 F.3d 720, 734 (11th Cir. 2010) (citation and quotations omitted).

Accordingly, a district court's "discretion to exclude evidence under Rule 403 is narrowly circumscribed." *United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2006).

The admission of the evidence related to additional depictions the Defendant possessed at the same time as the charged conduct would not create a risk of unfair prejudice that substantially outweighs its probative value. The evidence in this trial – CSAM – is, if anything, less inflammatory than the AI images and child erotica that the Defendant seeks to keep out. *See*

*United States v. Cooper*, 433 F. App'x 875, 877 (11th Cir. 2011) (finding, under Rule 403, evidence of defendant's prior convictions for child molestation "highly probative because it tended to show that the [sic] Cooper intentionally downloaded child pornography, that he knew the images were child pornography, and that he had not mistaken them for anything other than that."); *United States v. Adleta*, No. 6:13-cr-94-Orl-22GJK, 2013 WL 4734824, at *3 (M.D. Fla. Sept. 3, 2013) (explaining that, with respect to evidence admitted under Rules 403, 413, and 414, "[a]s to Rule 403 balancing, this evidence is naturally prejudicial. It is, however, not unfairly prejudicial, but rather is prejudicial 'for the same reason it is probative—it tends to prove [the defendant's] propensity to molest young children.'" (citing *United States v. Kelly*, 510 F.3d 433, 438 (4th Cir. 2007), aff'd on other grounds, 591 F. App'x 925 (11th Cir. 2015)). While the images may be prejudicial, the prejudice of is not unfair because the Defendant himself possessed the images alongside his CSAM.

Accordingly, the evidence of the other depictions is relevant and admissible at trial in this case pursuant to Federal Rule of Evidence 414.

***c. The Child Erotica and AI Depictions are Also Admissible Under Rule 404(b) of the Federal Rules of Evidence.***

The application of Rule 414 does not limit admission under Fed. R. Evid. 404(b). In sex offense cases, evidence may be offered and admitted on both bases. *United States v. Levinson*, 504 F. App'x 824, 827–28 (11th Cir. 2013); *see also United States v. Meacham*, 115 F.3d 1488, 1490–91, 1495 (10th Cir. 1997) (admission of evidence proper under both 404(b) and 414).

Rule 404(b) provides, in relevant part:

> (b) Other Crimes, Wrongs, or Acts. (1) Prohibited Uses. Evidence of other crimes, wrongs, or acts is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. (2) Permitted Uses. This evidence may be admissible for another purpose, such as

> proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

The rule is "one of inclusion which allows [extrinsic] evidence unless it tends to prove only criminal propensity. The list provided in the rule is not exhaustive and the range of relevancy outside the ban is almost infinite." *United States v. Ellisor*, 522 F.3d 1255, 1267 (11th Cir. 2008) (citations omitted); *see also United States v. Ebron*, 683 F.3d 105, 131 (5th Cir. 2012); *United States v. Shaw*, 701 F.2d 367, 386 (5th Cir. 1983) ("Rule 404 is a rule of inclusion."); *United States v. Halper*, 590 F.2d 422, 432 (2d Cir. 1978) (noting that the Second Circuit "adhere[s] to the 'inclusionary' view of the rule regarding other crimes and similar acts evidence"); *United States v. Long*, 574 F.2d 761, 766 (3d Cir. 1978) ("The draftsmen of Rule 404(b) intended it to be construed as one of 'inclusion,' and not 'exclusion.'").

When determining whether the district court abused its discretion by admitting evidence of a defendant's prior bad acts under Rule 404(b), the Eleventh Circuit employs a three-part test: "First, the evidence must be relevant to an issue other than the defendant's character. Second, as part of the relevance analysis, there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act." Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403. *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992) (quoting *Huddleston v. United States*, 485 U.S. 681, 689 (1988)); *see also United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005). The court need not make a preliminary finding—under Federal Rule of Evidence 104(a)— "that the Government has proved the [similar] act by a preponderance of the evidence"; instead, it need only decide whether the jury could "reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston*, 485 U.S. at 689.

The Defendant's possession of material involving children that is sexual in nature is relevant to show his prurient sexual interest in children, knowledge, motive, intent, plan, and lack of mistake or accident in having CSAM in his possession and transporting it. Indeed, in his recorded statement, the Defendant claimed that the images were downloaded "accidentally." The Defendant's possession of child erotica and AI CSAM shows that the Defendant's possession of real CSAM is not an accident, but intentional.

Indeed, "a defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007) (citation omitted); *see also United States v. Walker*, 410 F.3d 754, 759 (5th Cir. 2005) (holding that the defendant "put his intent at issue by pleading not guilty"); *see also United States v. Bentley*, 561 F.3d 803, 814–16 (8th Cir. 2009) (in child pornography production, transportation, and possession case, that Federal Rule of Evidence 404(b) provides that extrinsic evidence of other crimes, wrongs or acts is not admissible to prove a defendant's character in order to show conformity therewith. Such evidence "may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident" as to the charged offense. Fed. R. Evid. 404(b)).

Normally, if the defendant's state of mind is not at issue, then extrinsic evidence is not admissible. *See United States v. Roberts*, 619 F.2d 379, 383 (5th Cir. 1980) (holding that evidence of extrinsic offenses that are "probative of a defendant's state of mind" are not admissible if the defendant "affirmatively take[s] the issue of intent out of the case"). However, the defendant must affirmatively remove this issue, not just promise to not actively pursue or challenge it. *Id.* Because defendant has not affirmatively removed his state of mind—*i.e.*, his knowledge and intent—as a trial issue, evidence of other similar acts of which he was convicted that shed light on his state of mind is proper and should be admitted under Rule 404(b).

## CONCLUSION

Wherefore, the United States requests that this Court admit certain evidence as inextricably intertwined and/or permissible under Federal Rules of Evidence 414 and/or 404(b) evidence.

## CERTIFICATE OF CONFERRAL

I certify that on September 30, 2026, the Government conferred with counsel for the Defendant, who objects to the relief sought.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: *s/ Brianna Coakley*

BRIANNA COAKLEY
Assistant United States Attorney
Court ID No. A5503184
United States Attorney's Office
99 NE 4th Street, 6th Floor
Miami, Florida 33132
(305) 961-9127
Brianna.Coakley@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 1, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which provides electronic notice of the filing.

*s/ Brianna Coakley*
BRIANNA COAKLEY
Assistant United States Attorney